## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARIA N. VINSON,

    **Plaintiff,**         )    **CIVIL ACTION NO.:**

**v.**                   )

                       )    1:12-CV-1088

**KOCH FOODS OF**        )

**ALABAMA, LLC, and**    )

**KOCH FOODS, LLC,**     )    **DEMANDS TRIAL BY**

                       )    **STRUCK JURY**

    **Defendants.**      )

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.    This is a complaint for legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by:

    a.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

    b.    Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981, et seq.; and

    c.    the laws of the State of Alabama.

2.    Federal subject matter jurisdiction exists pursuant to:

    a.    28 U.S.C. §§ 1331, 1367;

b.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
     § 2000e, <u>et seq.</u>; and

c.   Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C.
     §1981, <u>et seq.</u>

## PARTIES

3.   Plaintiff, Maria N. Vinson, ("Plaintiff"), is a resident of Montgomery, Alabama, and is over the age of nineteen.

4.   Defendant, David Birchfield, (hereinafter "Birchfield") is a managing executive and agent of Defendant, Koch Foods of Alabama, LLC, who oversees and manages Koch's "Montgomery processing facilities."

5.   Defendant, Koch Foods of Alabama, LLC, (hereinafter "Koch-Ala") is a Domestic Limited Liability Company organized pursuant to the laws of the State of Alabama and, at all times relevant to this Complaint, Defendant was doing business in Alabama. Defendant employs over fifty (50) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

6.   Defendant, Koch Foods, LLC (hereinafter "Koch Foods") is a corporation that owns and operates facilities at which it kills, processes and packages chicken and by-products at various locations around the country for sale and

2

ultimately for consumption by the public and that also allows or licenses the use of the name of "Koch Foods' by similar businesses including Defendant, Koch-Ala.

## NATURE OF ACTION

7.      Plaintiff brings this action against Defendants for unlawful employment practices, acts of intentional gender, race and national origin, retaliation, invasion of privacy, intentional infliction of emotional distress and wanton and negligent hiring, training, supervision and retention that occurred during her employment with Defendants. Jurisdiction over Plaintiff's claim based on Alabama law exists under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

8.      Plaintiff seeks compensatory and punitive damages to which she is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

9.      On June 20, 2012, within 180 days of learning of the acts of discrimination of which Plaintiff complains, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"). (**Attached hereto as Exhibit A**).

10.     Less than 180 days after the charge was pending with the EEOC, Plaintiff received a Right to Sue letter from the EEOC on or about September 25, 2012. (**Attached herein as Exhibit B**).

3

11.    All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

12.    Plaintiff, Maria N. Vinson, is a Hispanic female and her national origin is Puerto Rican.

13.    Plaintiff holds a Bachelor of Science degree in Human Resource Management from Faulkner University. Plaintiff has an Associates Degree in Arts and Communication. Plaintiff is pursuing a Master's Degree. Plaintiff is a U.S. Veteran and served in the Army, National Guard and Reserves and was Honorably Discharged.

14.    Plaintiff was hired by the Defendant in October 2009, as an Orientation Trainer in the Human Resource department of the kill facility of Koch Foods, LLC.

15.    During the course of Plaintiff's employment, numerous positions became available in the Human Resource department. Plaintiff applied for positions and was denied. White employees were hired in the positions that Plaintiff was denied. For instance, Mason Melton, white male, was hired for the position of Professional Development and Training. Plaintiff applied for the position and was denied. Plaintiff was more qualified than Melton. Previous to this position being filled by Melton, Plaintiff applied for the position and Lindsey Johnson, white female was hired for the position. Plaintiff was more qualified and experienced than Johnson.

4

A night HR manager position became available and Birchfield filled the unposted position with a white male who had no HR experience. The white male was employed for 2 weeks or less and vacated Plaintiff's position.

16.    Other vacancies were not posted and white employees, specifically white males, were hand selected for open positions that were never posted so Plaintiff could apply.

17.    On January 5, 2012, Plaintiff was one of three employees suspended for taking too long of a break, while off of the clock.

18.    The other two employees, both white females, were allowed to return to work on the fourth day, but Plaintiff was not allowed to return to work until the fifth day.

19.    When Plaintiff returned to work from the suspension, Birchfield changed her job duties, but not job title.

20.    The change in Plaintiff's job duties resulted in the elimination of Plaintiff's work station, resulting in Plaintiff having no tools to work and no job description.

21.    The two white female employees , suspended with Plaintiff, retained all of their original job duties and even allowed promote. For example, Heather Bowen, white female, and HR clerk was suspended, but later promoted to HR Generalist. The

5

HR Generalist position was a promotion and paid more money. White employees in Human Resources were paid substantially more than Plaintiff. Male employees were paid more than Plaintiff.

22.     Plaintiff was taken completely out of the decision making process of the HR department, which was a significant change in responsibility than prior to her suspension.

23.     Plaintiff was terminated on May 17, 2012, without any advance notice or written warning. Plaintiff was told her position as Trainer/HR Clerk was eliminated.

24.     Howard Melton, Professional Development and Trainer, told Plaintiff that her job was being eliminated.

25.     At the time Plaintiff was terminated for job elimination, there was an open HR clerk position. Plaintiff was denied the position. On information and belief, a male of a different race and national origin was selected for the position. The position was never posted.

6

## COUNT ONE

## SECTION 1981 RACIAL DISCRIMINATION
## AND RETALIATION CLAIM

26.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

27.    This is a claim against Defendant to redress the unlawful employment practice of racial discrimination protected by 42 U.S.C. §1981, as amended, the Civil Rights Act of 1991.

28.    This is a claim against Defendant for the intentional and illegal discrimination and retaliation of Plaintiff because of her race.

29.    Plaintiff is Hispanic and a member of a protected minority class.

30.    Plaintiff was qualified to perform her job duties. Plaintiff's job was eliminated and she was denied promotions and reassignment to open and available positions.

31.    Plaintiff was treated adversely and paid less in comparison to her white co-workers due to her race and gender. Additionally, Hispanic workers receive less favorable treatment compared to white employees. Plaintiff was subjected to different terms and conditions of employment due to her race and national origin.

7

After voicing complaints about the adverse treatment, Plaintiff incurred unlawful retaliation.

32.     Plaintiff has been subjected to differing terms and conditions that white managers were not subjected to.

33.     Plaintiff was terminated and subjected to differing terms and conditions to set Plaintiff up for failure and result in her termination, unlike how the white managers were treated in the workplace.

34.     As a proximate result of Defendant's unlawful intentional discrimination, Plaintiff has suffered loss of pay and benefits, financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

35.     Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages for mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT TWO

## NATIONAL ORIGIN

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

8

37.    This is a claim against Defendant for the illegal and intentional acts of discrimination towards Plaintiff because of her national origin.

38.    Vinson is a Hispanic female of Puerto Rican descent and was treated less favorably than her white co-workers of American descent.

39.    Plaintiff was removed from her position as Orientation Trainer, told the position was eliminated and wrongfully not placed in vacant positions.  Further, Defendant did not follow any seniority practice in job elimination and job placement. Precedent provided that the least senior person would be laid off.  Plaintiff was not the least senior person.

40.    As  a  proximate  result  of  Defendant's  unlawful  intentional discrimination, Plaintiff has suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

41.    Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**COUNT THREE**

**GENDER DISCRIMINATION**

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

9

43.     Plaintiff is a Hispanic female and was qualified for HR positions at Koch Foods.   There existed an employer-employee relationship between Plaintiff and Defendant.

44.     Plaintiff was adversely treated in direct contradiction to how males were treated in the workplace.  Plaintiff was denied promotional opportunities based on her gender and her pay was less then her male counterparts.

45.     Plaintiff has been subjected to differing terms and conditions than male employees.

46.     Plaintiff was terminated unlike her male counterparts who were reassigned and promoted.

47.     The Defendant's conduct proximately caused the Plaintiff to suffer loss of pay and benefits, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

48.     Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT FOUR

## NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

50.     Defendant had a duty to provide the Plaintiff with a reasonably safe work environment and to follow its own policies and procedures prohibiting national origin and race and gender discrimination and harassment in the workplace, as well as to follow its own policies and procedures that prevent such violations in the workplace. Further, Defendant had a duty to follow the law.

51.     Defendant failed to establish adequate policies against national origin and racial and gender discrimination; failed to implement such policies consistently; failed to clearly communicate such policies on a routine basis to its agents and employees; and failed to train and enforce its own policies to the detriment of Plaintiff and other female and minority employees.

52.     Defendant failed to educate and train managers, supervisors, and employees on national origin and racial and gender discrimination in the workplace. Specifically, David Birchfield was wanton and negligent in his discrimination,

11

treatment of Plaintiff and Defendant, Koch, was aware of said incompetency of Birchfield.

53.     As a proximate result of Defendant's intentional conduct, Plaintiff was caused to suffer loss of pay and benefits, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

54.     Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**COUNT FIVE**

**INVASION OF PRIVACY**

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

56.     This is a claim against Defendant for the invasion of Plaintiff's right to privacy based on the laws of the State of Alabama.

57.     Defendant invaded Plaintiff's personal and emotional sanctum by harassing and discriminating Plaintiff, casting Plaintiff in a false and inflammatory light and giving publicity to private matters of the Plaintiff.

12

58.     The Defendant's conduct proximately caused the Plaintiff to suffer loss of pay and benefits, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

59.     Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT SIX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 with the same force and effect as if fully set out in specific detail herein below.

61.     This is a claim against Defendant arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

62.     Defendant's conduct, as enumerated above, was beyond the bounds of decency.

63.     Such conduct is not condoned by society and should not go unpunished.

64.     The conduct of the Defendant, as aforesaid, created a hostile work environment that was unwelcomed by the Plaintiff.  Plaintiff was harassed and discriminated against by Defendants.

13

65.     The repeated harassment by Defendants' agents and the subsequent ratification by Defendants altered the Plaintiff's work environment.

66.     The Defendant's conduct proximately caused the Plaintiff to suffer loss of pay, benefits, embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

67.     Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

        **WHEREFORE**, Plaintiff respectfully requests this Court:

A.      Permanently enjoin Defendants from engaging further in their discriminatory treatment of Hispanic employees similarly situated;

B.      Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for minorities which eradicates the effects of its past and present unlawful employment practices, including implementing consistent policies against gender and racial discrimination in the work place;

C.      Order Defendants to make whole Plaintiff providing appropriate front pay, back pay, loss of employment benefits and other monetary relief as may be

14

available to her, including damages for her physical, mental and emotional distress, embarrassment, humiliation and trauma;

      D.     Award Plaintiff compensatory and punitive damages under the laws of the State of Alabama and the Constitution of the United States;

      E.     Award Plaintiff injunctive relief including reinstatement and training in the workplace;

      F.     Award Plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

      G.     Award such other and further relief which this Court deems appropriate under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

15

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
Email: akhaynes@haynes-haynes.com


                                   /s/ Heather Newsom Leonard
                                   Heather Newsom Leonard

**OF COUNSEL:**

**HEATHER LEONARD, P.C.**
P.O. Box 43768
Birmingham, Alabama 35243
Phone: (205) 977-5421
Fax: (205) 278-1400
E-mail:  Heather@HeatherLeonardPC.com

## PLEASE SERVE THE FOLLOWING DEFENDANTS
## BY CERTIFIED MAIL:

### DEFENDANTS' ADDRESS:

Koch Foods, LLC
c/o Registered Agent
National Registered Agents, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Koch Foods of Alabama, LLC
c/o Registered Agent
National Registered Agents, Inc.
150 South Perry Street
Montgomery, Alabama 36104

### PLAINTIFF'S ADDRESS:

Maria N. Vinson
c/o Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226