IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIE N. VINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:12-cv-01088-SRW |
| | ) |
| KOCH FOODS OF ALABAMA, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
ALL CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

This brief is submitted on behalf of Defendants Koch Foods of Alabama, LLC ("Koch-Ala"), Koch Foods, LLC, and David Birchfield ("Birchfield") (collectively "Defendants") in support of their motion dismiss the claims in Marion Vinson's ("Vinson") Amended Complaint as follows: (1) all claims against all Defendants in Vinson's Amended Complaint based upon her shotgun pleading; (2) her § 1981 retaliation and discriminatory pay claims asserted in Count I; (3) any promotion claim in Count I based upon any position other than the positions of Professional Development and Training and night HR generalist referenced in Paragraph 15 of the Amended Complaint; (4) all claims against Koch Foods, LLC, and Birchfield as Vinson has failed to plead facts to show it was her employer; (5)

1

all Title VII claims against Koch Foods, LLC and Birchfield as Vinson failed to exhaust her administrative remedies against them; (6) all Title VII claims against Birchfield as no individual liability exists; and (7) all claims against Defendants which were previously dismissed with prejudice. For the reasons discussed below, Defendants' Motion to Dismiss is due to be granted.

This case arises out of Vinson's employment with Koch-Ala. Vinson alleges Koch Foods denied her job promotions, paid her less than her co-workers, retaliated against her and terminated her based upon her race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and 42 U.S.C. § 1981. Vinson also reasserts her previously dismissed claims for gender discrimination and state law claims for invasion of privacy, intentional infliction of emotional distress, and negligent and wanton hiring, training, supervision and retention based upon the alleged discriminatory conduct. All of Vinson's claims are due to dismissed as Vinson has failed to allege sufficient facts to support these claims as would show she is entitled to relief.

## II.  STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a "[district] court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged [] in the complaint as true."

2

*Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009), *overruled in non-relevant part by Mohamad v. Palestinian Authority*, 132 S. Ct. 1702, 1710-11 (2012) (citation omitted). In their review, courts "make reasonable inferences in [p]laintiff's favor, 'but [they] are not required to draw plaintiff's inference.'" *Id.* (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to make a claim for relief plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although Rule 8 does not require "detailed factual allegations," the plausibility standard "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Sinaltrainal*, 578 F.3d at 1260 (quoting *Twombly*, 550 U.S. at 555). "'[A]n unadorned, the-defendant-unlawfully-harmed-me accusation'" is legally insufficient. *Id.* at 1261 (quoting *Iqbal*, 129 S. Ct. at 1949). Instead, factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations and emphasis omitted in original). Should the plaintiff fail to nudge its claims across the line from conceivable to plausible, her complaint must be dismissed. *See id*. (citing *Twombly*, 550 U.S. at 570).

B REV01 1160638 v1
2016061-000101 10/28/2013

## III.  ARGUMENT

### A.  The Court Should Dismiss Plaintiff's Amended Complaint for Failure to State a Claim as an Inappropriate Shotgun Pleading.

Vinson's Amended Complaint contains 6 Counts.[1]  Vinson supports each Count by generally adopting and incorporating the allegations of the preceding paragraphs of the Complaint. (Doc. 16 at ¶¶ 28, 38, 44, 51, 57, 62).  Rather than specifically alleging the elements supporting each Count or claim, Vinson instead combines each Count's allegations with the dozens of other allegations found elsewhere in the Amended Complaint, resulting in a quintessential "shotgun pleading."  *See Popham v. Cobb County, Georgia Government,* 2010 WL 3191711, at *3 (11th Cir. 2010) (quoting *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("a 'shotgun pleading' is a pleading that 'incorporates every antecedent allegation by reference into each subsequent claim for relief or affirmative defense'")); *Thompson v. RelationServe Media*, 610 F.3d 628, 650 n.22 ("The complaint was a typical 'shotgun' pleading in that each count incorporated by reference all preceding paragraphs and counts of the complaint . . . ."); *see also Horn v. Russell County Bd. of Education*, 2010 U.S. LEXIS 108827 (M.D. Ala. 2010) (where this Court set out its concerns over shotgun pleadings).

---

[1] Although this Court previously dismissed 4 of Vinson's claims with prejudice, including her claims for gender discrimination, negligent and wanton hiring, training, supervision and retention, invasion of privacy, and intentional infliction of emotional distress, Vinson reassert these claims in her Amended Complaint for the purported "purpose of preserving her record of appeal." (Doc. 16 at p. 12, n. 1).

4

"Shotgun pleadings," such as here, are strongly discouraged by the Eleventh Circuit as they make it "virtually impossible to know which allegations of fact are intended to support which claims for relief." *Id.* (internal quotations omitted); *see also Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable."). In fact, the Eleventh Circuit has specifically instructed district courts to prohibit, as fatally defective, shotgun pleadings, and to act *sua sponte* if the parties do not raise the issue. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974-984 (11th Cir. 2008); *see also B.L.E ex rel. Jefferson v. Georgia*, 335 Fed. Appx. 962, 963 (11th Cir. 2009); *Mascaro Aviation, L.L.C., v. Diamond Aircraft Industries, Inc.,* 2011 WL 856805, at * 2 (S.D. Fla. 2011) ("Indeed, the Eleventh Circuit urges District Courts to dismiss, *sua sponte*, this sort of pleading.").

This case demonstrates the reason shotgun pleadings are not allowed. For instance, Plaintiff has incorporated into her Title VII national origin claim, where she alleges she was discharged because she is of Puerto Rican descent, her § 1981 race discrimination and retaliation claims where she asserts other reasons for her discharge. **The Complaint also seeks a judgment against all Defendants in every count and refers to all of the Defendants as taking the same actions**. (*See, e.g,* Doc. 121, Ex. 1 at ¶¶ 13, 24, 47, 52, 68, 84). Furthermore, Count One of the Amended Complaint refers to discrimination in adverse terms and conditions of

5

employment, but does not identify the specific terms and conditions. (Doc. 16 at ¶ 33).

At a minimum, Plaintiff must specifically identify the factual allegations that apply to each Count. *See Twombly,* 550 U.S. at 555 (holding that a properly alleged complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Iqbal,* 129 S. Ct. at 1949 (holding that a proper complaint must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation"). Unless Vinson complies with the Eleventh Circuit's pleading standards, Defendants cannot formulate an answer to the claims. The Court should therefore dismiss Vinson's claims for failing to comply with applicable pleading requirements. Alternatively, the Court should require Vinson to re-plead her claims to specify which facts apply to which Count and which Counts apply to which Defendant.

  **B.** **Vinson Again Provides No Factual Basis For Her Pay Claims.**

As the Court held, Vinson failed to plead a sufficient factual basis to support her discriminatory pay claims in her initial Complaint. Specifically, the Court stated:

> "[ ] Vinson does not allege which positions held by the white HR employees paid more than hers. Nor does she allege that any of these employees "shared the same type of tasks" as her or provide any other factual basis to support her discriminatory. As it stands, Vinson's allegations are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not rise above the speculative level.

6

(Doc. 13 at pp. 7-8) (quoting *Iqbal*, 556 U.S. at 678) (internal citations omitted).

Vinson fails to cure these pleading deficiencies in her Amended Complaint. To state a claim of intentional discrimination in compensation under § 1981,[2] a plaintiff must plead that: (1) she belongs to a protected class; (2) she received low wages; (3) similarly situated male comparators outside the protected class received higher compensation; and (4) she was qualified to receive the higher wage. *Cooper v. Southern Co.*, 390 F.3d 695, 725 n.17 (11th Cir. 2004), *rev'd in part on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 126 S. Ct. 1195, 163 L. Ed. 2d 1053, 1057-58 (2006). Thus, an employee who does not plead sufficient facts to show she was paid less than male comparators for performing substantially similar work fails to state a claim under Rule 12(b)(6) for Title VII pay discrimination. *See Sherrod v. Prairie View A&M Univ.*, 2011 WL 843936 at *9 (S.D. Tex. 2011).

In her Amended Complaint, Vinson again fails to plead any facts to show she was paid less than a non-Hispanic employee who had a substantially similar job. (Doc. 16 at ¶ 21). Vinson alleges she was "paid less in comparison to her white and Asian co-workers due to her race and gender" and that she was "paid less in comparison to her Hispanic males." (Doc. 1 at ¶¶ 21, 31). Because § 1981

---

[2] *Benjamin v. Holy Cross Hosp.*, 2012 U.S. Dist. LEXIS 72365 at *4 (S.D. Fla. May 24, 2012)(noting the elements to establish a prima facie case under Title VII and § 1981 are the same).

does not provide cause of action for sex discrimination, Vinson's vague allegations regarding higher-paid male employees cannot support her claim.

In addition, Vinson fails to provide factual allegations regarding any non-Hispanic employee whom was paid more for performing substantially similar work. Vinson's only factual allegations regarding pay are that two male employees who held <u>different</u> jobs were paid more than she was paid. Specifically, Vinson alleges Mason Melton was paid more money as an <u>HR Generalist</u> and Ray Clecker was paid more as a <u>supply clerk</u>. (Doc. 16 ¶¶ 21-22). Vinson does not allege she held the HR Generalist or supply clerk jobs. As such, Vinson fails to plead any specific facts to show any non-Hispanic employee performed substantially similar job duties as her, but was paid more. (Doc. 76 at ¶¶ 54-66). Moreover, Vinson's Complaint does not allege the dates of any pay disparity or the amounts of any pay disparity. Thus, Vinson's § 1981 pay discrimination claim is due to be dismissed for failure to state a claim upon which relief may be granted.

    **C.    Vinson Has Not Identified Sufficient Facts For Her § 1981 Promotion Claims Based Upon the Supply Clerk Job or Other Unidentified Positions.[3]**

---

[3] Defendants seeks dismissal of all of Vinson's promotion claims based upon her shotgun pleading. In addition, Koch Foods, LLC seeks dismissal of these claims against it as Vinson has not properly alleged it was her employer. However, to the extent Vinson's Amended Complaint were not a shotgun pleading, which it is, Koch-Ala concedes Vinson has alleged sufficient facts to state a claim for discriminatory promotions based upon the positions of "Professional Development and Training" and "night HR general manager." To the extent Vinson bases her promotion claim upon the supply clerk position or any other unidentified position, she has failed to state a claim upon which relief may be granted.

8

### 1. As a matter law, Vinson's promotion claim cannot be based upon the supply clerk job.

In the failure-to-promote context, the *prima facie* case consists of showing these elements: (1) that the plaintiff belongs to a protected class; (2) that she applied for and was qualified for a promotion; (3) that she was rejected despite her qualifications; and (4) that other equally or less-qualified employees outside her class were promoted." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160. 1174 (11th Cir. 2010). A conclusory allegation that the defendant failed to promote the plaintiff because of her race "falls far short of the requirements of Rule 8, *Twombly* and *Iqbal*" for stating a discrimination claim. *Moon v. UPS*, 2012 U.S. Dist. LEXIS 10122 at *7 (N.D. Ga. Jan 3, 2012) (holding employee's conclusory allegation that Defendant "failed to promote him" because of his race failed to state a claim as there was no "factual enhancement" of those allegations from which the court could infer more than a possibility of wrongdoing).

When an employer has publicized an open position and requires a formal application, a general interest in the position is insufficient to satisfy the application requirement. *See Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345-46 (11th Cir. 2003) (applying the application requirement to age discrimination claim); *Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 406 (5th Cir. 2007) (per curiam) (finding no prima facie showing of "failure to promote" where the

9

employee failed to apply for the promotion at issue). Thus, a plaintiff who admittedly failed to apply for a position may establish a prima facie case of discrimination only if she can show that he had a "justifiable belief" that the employer's discriminatory hiring practices made application a futile gesture. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999). The "futile gesture" exception applies only when "the applicant for the promotion was deterred by a known and consistently enforced policy of discrimination." *Shackelford*, 190 F.3d at 406.

In her Amended Complaint, Vinson alleges she inquired into the supply clerk position, but <u>chose</u> not to apply after her co-worker, Mitsi James ("James"), told her the starting rate of pay was $10.00 per hour which was $2.00 less an hour than Vinson earned at that time. (Doc. 16 at ¶ 22). Vinson alleges the purchasing manager submitted Ray Cleckler's application for consideration, but requested a higher rate of pay for the position. (*Id.*). Importantly, Vinson does not allege James or any other Koch Foods employee purposely lied to her about the rate of pay to discourage Vinson from applying because of her race or national origin. (*Id.*).

Because Vinson admittedly <u>chose</u> not to apply for the supply clerk position, she cannot base her discriminatory promotion claim upon that hiring decision. Vinson does not allege she was deterred from applying by a known and

10

consistently enforced policy of discrimination. Rather, she decided not to apply because she apparently failed to consider asking for a higher rate of pay during the application process. Thus, to the extent Vinson's § 1981 claim is based upon promotion to the supply clerk position, her claim is due to be dismissed for failure to state a claim upon which relief may be granted.

### 2. Vinson's promotion claim cannot rest upon other unidentified positions.

As with her initial Complaint, Vinson's Amended Complaint includes various allegations about other promotions she was denied. (Doc. 16 at ¶¶ 16, 32). Vinson vaguely references "other vacancies" which were not posted and given to white males. (Doc. 1 at ¶¶ 16, 21). However, Vinson does not identify the positions, describe who filled the positions, or even allege that the individuals who were hired for the position were less qualified than her. As the Court previously held, these vague allegations regarding unidentified jobs fail to state a claim upon which relief may be granted. (Doc. 13 at p. 10)(citing *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008)). Accordingly, to the extent Vinson asserts § 1981 promotion claims based upon these unidentified positions, her claims should be dismissed.

### D.     Vinson Again Fails to Plead Any Facts to Support A Retaliation Claim.

With respect to her initial Complaint, the Court held Vinson failed to plead a sufficient factual basis to support retaliation claim. The Court explained as follows:

> In her complaint, Vinson alleges only that "[a]fter voicing complaints about the adverse treatment, Plaintiff incurred unlawful retaliation." (Doc. #1, ¶ 31.) Vinson does not allege, however, that she voiced complaints in opposition to Defendants' racially motivated adverse employment actions. (Doc. #1, ¶ 31.) …. A § 1981 retaliation claim requires the plaintiff to allege she suffered an adverse action as a result of opposition to the employer's unlawful racial discrimination. *See Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1412–13 (11th Cir. 1998); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997). Since Vinson has not alleged Defendants' retaliation was based on her engagement in statutorily protected activity, their motion to dismiss Vinson's § 1981 retaliation claim is due to be GRANTED.

(Doc. 13 at p. 11).

Vinson fails to cure this pleading deficiency in her Amended Complaint. Just like her initial Complaint, Vinson's Amended Complaint contains only one sentence in Count I regarding a retaliation claim: "After voicing complaints about the adverse treatment, Plaintiff incurred unlawful retaliation." (Doc. 16 at ¶ 33). Vinson's only other allegation in her Amended Complaint regarding any purported complaints is that she "complained to Ken German, HR Manager, about the change in pay [for the supply clerk job] and awarding the position to Cleckler to no avail." (Doc. 16 at ¶ 23). Vinson does not allege that her complaints to Ken German or anyone else were based upon any purported race discrimination. Vinson also does not provide any factual information regarding the alleged retaliation. Vinson's vague and conclusory

B REV01 1160638 v1
2016061-000101 10/28/2013

allegations that she "voiced complaints" and "incurred unlawful retaliation" are a formulaic recitation of the elements of the cause of action. As such, Vinson's retaliation claim does not raise a right to relief above the speculative level and must be dismissed.

>   **E.     This Action Should Be Dismissed for Failure to Plead Specific Facts Establishing Koch Foods, LLC and David Birchfield as Vinson's Employer.**

The Amended Complaint is devoid of any factual assertions that, when taken as true, state claims for which relief can be granted against Koch Foods, LLC and Birchfield. Rather, it contains simply legal, conclusory statements that do not establish that Koch Foods, LLC or Birchfield ever employed Vinson.

The Eleventh Circuit has instructed that when deciding a motion to dismiss, "conclusory allegations and unwarranted deductions of fact are not deemed true." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409, n.10 (11th Cir. 1996) (internal citation omitted). Vinson's only allegation regarding Koch Foods, LLC is that it "is a corporation that owns and operates facilities and which it kills, processes and packaged chicken and by-products at various locations around the country for sale and ultimately for consumption by the public and that also allows or license the sue of the name 'Koch Foods' by similar businesses including Defendant, Koch-Ala." (Doc. 16 at ¶ 6). Her only allegation regarding Birchfield is that he is "the Complex Human Resource Manager and agent of Defendant, Koch Foods of Alabama, LLC, who oversees and manages Koch's 'Montgomery processing facilities.'" Vinson makes unwarranted conclusions that she

13

"was hired by Defendants" and "Defendants did not promote her."  (Doc. 16 at ¶¶ 14, 15).  She does not provide any factual support for the legal conclusion that she was hired or employed by Birchfield or Koch Foods, LLC.

Other federal district courts have looked at similar issues where a plaintiff had not sufficiently pled facts to establish the Defendant was or is the employer.  *See Wolman v. Catholic Health System of Long Island, Inc.*, 853 F.Supp.2d 290, 297 (E.D. N.Y. 2012).  These cases have disposed of such allegations at the motion to dismiss stage.  *See Wood v. TriVita, Inc.*, No. 08–CV–0765, 2009 WL 2106291, at *3 (D. Ariz. June 22, 2009).

Vinson's Amended Complaint fails to allege an employer relationship with Koch Foods, LLC or Birchfield.  Thus, Vinson's claims against Koch Foods, LLC, and Birchfield are due to be dismissed for failure to state a claim upon which relief may be granted.

> **F.     The Court Lacks Subject Matter Jurisdiction Over Vinson's Title VII Claims Against Koch Foods, LLC and Birchfield Because Vinson Failed To Comply With The Administrative Prerequisites Of Title VII.**

Title VII "specifies with precision the jurisdictional pre-requisites that an individual must satisfy before she is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).  The jurisdictional prerequisites for a Title VII claim include: "(1) filing a Charge of Discrimination with the E.E.O.C. within 180 days of the occurrence of the alleged discrimination; (2) receiving a statutory Notice of Right to Sue; and (3) filing a lawsuit based on the Charge of Discrimination within 90 days of receiving the notice." Id. (citing 42 U.S.C. §2000e-5(e), (f)(1)).  Before filing suit under Title VII, an employee must first exhaust his or her administrative remedies.

14

*Watkins v. Montgomery County Bd. of Health*, 2006 WL 2092600 at *9 (M.D. Ala. 2006). ("If a plaintiff fails to exhaust administrative remedies, the federal court lacks subject matter jurisdiction over the plaintiff's claim."); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Where a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.12(h)(3).

Failure to name a party in an EEOC charge will result in dismissal of the Title VII claim against the unnamed party. *Dubisar-Dewberry v. Folmar*, 883 F. Supp. 648 (M.D. Ala. 1995) (Individual defendants were due to be dismissed because plaintiff failed to name said defendants in EEOC charge); *see also Carroll v. ABF Freight System, Inc.*, 1993 WL 245453 (M.D. Ala. 1993).

In this case, as in *Dubisar-Dewberry* and *Carroll*, Vinson failed to name Koch Foods, LLC or Birchfield in an EEOC Charge and obtain a Right to Sue Letter from the Commission as to Koch Foods, LLC or Birchfield before filing this action against them. Instead, Vinson's EEOC Charge of Discrimination is asserted only against "Koch Foods" in Montgomery, Alabama which is Koch-Ala. (Doc. 16-3). As such, Koch Foods, LLC and Birchfield's motion to dismiss as to Vinson's Title VII claims must therefore be granted for her failure to comply with the jurisdictional prerequisites of 42 U.S.C. § 2000e-5.

### G. Because there is no individual liability under Title VII, Vinson's Title VII claims against Birchfield must be dismissed.

Title VII imposes liability only upon employers for discriminatory acts, "not individual employees whose actions would constitute a violation of the Act."

15

B REV01 1160638 v1
2016061-000101 10/28/2013

*Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has consistently held that suits against individual supervisors under Title VII are not proper. *See Busby*, 931 F.2d at 772; *Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995). Rather, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Cross*, 49 F.3d at 1504; *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.").

In Count Two of her Amended Complaint, Vinson asserts claims against "Defendants" under Title VII. Because Vinson does not specifically state which claims she is asserting against the Defendants, Birchfield is left to assume Vinson is attempting to state a claim against him under Title VII. This claim is inappropriate as there is no liability under individual employees under Title VII. Thus, to the extent Vinson asserts Title VII claims against Birchfield, her claims are due to be dismissed for failure to state a claim upon which relief may be granted.

### G. Vinson's Previously Dismissed Claims are Again Due to Be Dismissed With Prejudice.

This Court previously dismissed with prejudice Vinson's claims for gender discrimination, negligent and wanton hiring, training, supervision and retention, invasion of privacy, and intentional infliction of emotional distress. (Doc. 13). Vinson acknowledges the Court dismissed these claims with prejudice, but contends she must re-plead the claims to preserve the record for appeal. (Doc. 16 at p. 12, n. 1). Vinson's contention is incorrect. A claim that has been dismissed with prejudice does "not need to be reasserted in order to be preserved for appeal." *Roggenbuck Trust v. Dev. Res. Group, LLC*, 505 Fed. Appx. 857 , 860 (11th Cir. 2013); *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1337 n. 1 (M.D. Fla. 2013) (striking as redundant previously dismissed claims from plaintiff's amended complaint that plaintiff reasserted solely for purposes of appeal); *Vitola v. Paramount Automated Food Servs.*, 2009 U.S. Dist. LEXIS 120243 at *2 (S.D. Fla. 2009) ("The Court finds no basis in law for the plaintiffs' contention that they must continue to reassert dismissed claims in order to preserve the issue on appeal."). Accordingly, Vinson's claims for gender discrimination, negligent and wanton hiring, training, supervision and retention, invasion of privacy, and intentional infliction of emotional distress are again due to be dismissed with prejudice and/or stricken as redundant. To the extent the Court

17

considers these re-pleaded claims, Defendants adopt and incorporate its arguments in support of its previously filed Partial Motion to Dismiss. (Docs. 8, 9 and 12).

## IV. CONCLUSION

WHEREFORE, above premises considered, Defendants Koch Foods of Alabama, LLC and Koch Foods, LLC respectfully request this Court grant its partial motion to dismiss the aforementioned claims in Plaintiff's Complaint.

                s/Wesley C. Redmond
                WESLEY C. REDMOND
                ASB-3666-D30W
                RACHEL V. BARLOTTA
                ASB-4082-H67V
                Attorneys for Defendants
                Koch Foods of Alabama, LLC, Koch
                Foods, LLC and David Birchfield

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

## Certificate of Service

I certify that the foregoing has been served upon the following counsel of record by electronic mail or by depositing a copy thereof in the United States mail, properly addressed and postage-prepaid, this October 28, 2013:

Ms. Alicia K. Haynes                Ms. Heather Newsom Leonard

18

| | |
|---|---|
| Haynes & Haynes, P.C. | Heather Leonard, P.C. |
| 1600 Woodmere Drive | P.O. Box 43768 |
| Birmingham, Alabama 35226 | Birmingham, Alabama  35243 |
| (205) 879-0377 (Phone) | (205) 977-5421 (Phone |
| (205) 879-3572 (Fax) | (205) 278-1400 (Fax) |
| Email: akhaynes@haynes-haynes.com | Email: Heather@HeatherLeonardPC.com |

                                                  s/Wesley C. Redmond
                                                  Of Counsel

B REV01 1160638 v1
2016061-000101  10/28/2013