## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN  DIVISION

|  |  |  |
|---|---|---|
| MARIA N. VINSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **2:12-cv-1088** |
| KOCH FOODS OF | ) | |
| ALABAMA, LLC, and | ) | |
| KOCH FOODS, LLC, and DAVID | ) | |
| BIRCHFIELD | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Plaintiff Maria N. Vinson("Vinson"), by and through her

attorney, and responds to Defendants, Koch Foods of Alabama, LLC's, Koch Foods,

LLC's and David Birchfield's, Motion to Dismiss All Claims In Plaintiff's Amended

Complaint based on the following:

At issue is (1) whether the entire Amended Complaint is a "shotgun pleading[1],"

(2) whether Vinson's state law claims have been dismissed, (3) whether Vinson

---

[1]Other than Defendants' contention that the entire Amended Complaint is a  "shotgun pleading," Defendants' do not seek dismissal of Vinson's § 1981 claims in Count I of her Amended Complaint (Doc. 17) for discrimination based upon unequal pay, retaliation, and failure to promote her to the positions of Professional Development and Training and Night HR Manager.  (Doc. 19, p. 1, 8-11).

sufficiently pled her equal pay claims, her retaliation claims, and her promotion claims pertaining only to the supply clerk job and other unidentified positions, (4) whether Koch Foods, LLC and David Birchfield are Vinson's employers, (5) whether Vinson exhausted administrative remedies pertaining to Koch Foods, LLC, and David Birchfield, and (6) whether Title VII claims against David Birchfield should be dismissed. Vinson acknowledges that individuals cannot be liable under Title VII. Otherwise, Defendants' Motion to Dismiss is due to be denied based on the following reasons.

## A.    Vinson's Amended Complaint Is Not A "Shotgun Pleading"

Defendants wrongly assert that Vinson's Amended Complaint contains inappropriate "shotgun pleading." (Doc. 19, p. 4-6). Defendants' arguments present a mistaken understanding of what constitutes a "shotgun pleading"[2] and are based

---

[2] It is worth noting that in another employment discrimination case where the present defense counsel represented the same three Defendants, they asserted this same "shotgun pleadings" argument nearly verbatim and the Court did not dismiss any claims on that basis. *Boyd v. Koch Foods of Alabama, LLC, et al.*, 2:11-cv-00748 (M.D., Ala.) Doc. 65, p. 6-8. Defense counsel appears to file motions to dismiss on a routine and repetitive basis. In the Middle District of Alabama, Mr. Redmond or another attorney of record in a matter in which he is listed as attorney of record have filed a motion to dismiss in *Robinson, et al v. Koch Foods* (13-cv-00557-MEF-TFM) and in *Bazemore v. Dynamic Security*, (12-cv-00436-MEF-SRW, filed *three* motions to dismiss in *Allen v. Koch Foods* (12-cv-00857-MEF-WC), and filed *two* motions to dismiss in *Kelley v. Venture Express, Inc., et al.* (12-cv-00564-MEF-SRW), one of which was withdrawn. In the Northern District of Alabama, Mr. Redmond or his fellow attorney of record have filed a motion to dismiss in *Ziegler et al v. Tower Communities LLC* (13-cv-00872-KOB), filed *two* motions to dismiss in *Smith v. Stone Building Co., Inc.*, 12-cv-03893-JHE, and filed *three* motions to dismiss in *Contreras et al. v. Habaneros, Inc., et al.* 11-cv-00208-RDP. A copy of the docket reports for each of these matters is attached as Exhibit 1).

solely on the fact that Vinson incorporates her **statement of facts** into each count of the Amended Complaint.  "Shotgun pleadings are those that incorporate every antecedent **allegation** by reference into each subsequent claim for relief or affirmative defense."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)(*citing Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir.2001) (per curiam)(emphasis added)).

Defendants incorrectly assert that Vinson incorporates antecedent claims for relief in subsequent claims for relief.  (Doc. 19, p. 4).  In fact, at the beginning of each count in her Amended Complaint, Vinson incorporates by reference the statement of facts, not other legal claims.  (Doc. 17, ¶¶ 28, 38, 44, 51, 57, 62).

Vinson asserts multiple causes of action arising out of the same facts.[3]  (Doc. 17).  This is not unusual as itle VII provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment decision, even though

_____

[3] As Defendants acknowledge, "the elements to establish a prima face case under Title VII and § 1981 are the same."  (Doc. 19, p. 7, n.2)(*quoting Benjamin v. Holy Cross Hosp.*, 2012 U.S. Dist. LEXIS 72365 at *4 (S.D. Fla. May 24, 2012)).  Since the elements are identical, it only makes sense that the facts that prove those elements will also be the same.

3

other factors also motivated the practice." 42 U.S.C. §2000e-2(m), §703(2)(m). Consequently, it is possible that Vinson could prove that her race under both Title VII or § 1981 was a motivating factor in her termination, while at the same time being able to establish that her national origin, sex, or retaliation were also motivating factors. That is because "it is a long-recognized tenet of tort law that a plaintiff's injury can have multiple 'but-for' causes, each one of which may be sufficient to support liability." *Bailey v. City of Huntsville, Ala.*, 2012 WL 2047672, *9 (N. D. Ala. 2012)(footnote omitted). Further, it is possible that two or more impermissible factors combined to cause the harm alleged, e.g., discrimination against a Hispanic female of non-American dissent.

This is typically called "intersectional discrimination" and it is illegal. "Intersectionality theory posits that individuals have multiple identities that are not addressed by legal doctrines based solely on a single identity or status." Dianne Avery et al., Employment Discrimination Law 47 (8th ed. 2010). That is, "some cases present evidence that points to discrimination occurring not only because of the plaintiff's sex, but because of both sex and some other characteristic." *Id.* at 352.

Several courts have embraced intersectionality theory in Title VII cases. *Id.* at 47. The leading case for this proposition is *Jefferies v. Harris Cnty. Cmty. Action*

*Ass'n.,* 615 F.2d 1025, 1032 (5th Cir. 1980). The majority [4]of federal courts have followed the *Jefferies* approach, including at least two other circuits. *See*, e.g., *Lam v. Univ. of Hawaii*, 40 F.3d 1551, 1561–62 (9th Cir. 1994); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1417 (10th Cir. 1987); *Jeffers v. Thompson*, 264 F. Supp.2d 314, 327 (D. Md. 2003). Indeed, albeit in *dicta*, the Supreme Court has favorably cited *Jefferies* for the proposition that African-American females may assert intersectional claims under Title VII. *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 598 n.10 (1999). Consequently, incorporating antecedent facts related to allegations of race discrimination into a later allegation of sex discrimination (or *vice-versa*) permits a plaintiff to preserve a potential claim of intersectional discrimination for later discovery.

Vinson set forth in her Amended Complaint seventeen separate factual paragraphs which describe how she was treated and by whom. (Doc. 17, ¶¶ 12- 27). Nowhere in these seventeen paragraphs does Vinson phrase these facts as legal claims. By incorporating these facts into her subsequent counts, Plaintiff has properly identified all of the facts which she believes pertain to each particular count,

---

[4] The Eleventh Circuit, in the *en banc* decision, *Bonner v City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

including the allegations that Defendants have violated the law in some other manner. This is a far cry from what the plaintiff did in *Horn v. Russell County Board of Education*, 2010 U.S. LEXIS 108827 (M.D. Ala. 2010), where the plaintiff, in her narrative statement of facts, claimed she was bringing "a wrongful constructive dismissal action, . . . a wrongful denial of her salary and job due process action, . . . a wrongful reduction of her salary due process action, . . . a violation of the Alabama Teachers' Tenure law due process action, . . . a violation of the Family and Medical Leave Act due process action, . . .a violation of the Americans with Disabilities Act due process action, . . . an invasion of privacy action, a libel, slander and/or defamation of character action, along with the other named state law tort actions" and then incorporated each of those allegations into the separate counts of her complaint. *See*, Doc. 1, Case 3:09-cv-00624-MHTCSC (M.D. Ala.).

Defendants also argue that Vinson's Amended Complaint is a "shotgun" pleading because it seeks judgment against all Defendants in every count. To the extent that each count in the Amended Complaint seeks relief from all Defendants, Vinson concedes she is not seeking relief against an individual under Title VII; however, Defendant Birchfield is a manager of Defendants and acting on behalf of Defendants Koch Foods and Koch Foods of Alabama. Furthermore, Vinson's Amended Complaint was intended to address the issues Defendants raised in their

first motion to dismiss (Doc. 8) which did not raise any objection to each count including a prayer for relief from all Defendants.

Whatever may be said about "shotgun" Complaints (or "shotgun" motions to dismiss), Vinson's Amended Complaint is not due to be dismissed on those grounds.

### B.     Vinson Acknowledges That State Law Claims Have Been Dismissed.

Defendants also ask the Court to dismiss all state law claims reasserted in Vinson's Amended Complaint.   Vinson acknowledges that these claims were previously dismissed and only re-stated them to preserve those claims on record for appeal purposes.   Vinson also acknowledges that this Court's Order setting the deadline for this Response to be filed also included an Order dismissing Counts Three through Six[5], which included all state law claims.   (Doc. 22).

### C.     Vinson Has Sufficiently Pled Facts To Support Her Pay Claims.

Vinson sufficiently put Defendants on notice of her unequal pay claim by alleging that she was "paid less in comparison to her white and Asian co-workers due

---

[5] Count Three: Gender Discrimination; Count Four: Negligent and Wanton Hiring, Training, Supervision, and Retention; Count Five: Invasion of Privacy; and County Six: Intentional Infliction of Emotional Distress.

7

to her race and gender" and that she was "paid less in comparison to her Hispanic males." (Doc. 14, ¶ 33).[6]

Vinson was paid less than White and Asian employees who had less experience and who held jobs with less responsibility than her. (Exhibit 3)[7]. She performed the same or substantially similar job duties as an HR Clerk, plus additional responsibilities including hiring authority, but was paid less than the Asian male hired to that position. (*Id.* at ¶¶ 5-6). She was also paid substantially less than the White male hired as a Supply Clerk, even though that job was initially offered at a pay rate lower than she was paid and had much less responsibility. (*Id.* at ¶¶7-8). Vinson was paid less than both the HR Clerk and Supply Clerk, despite having more education, training, and experience than the White male and Asian male hired for those positions. (*Id.* at ¶¶6-7). Neither the HR Clerk or Supply Clerk had any HR experience, education or training. (*Id.* at ¶¶6, 8). In contrast, Vinson had a B.S. degree in Human Resource Management and experience working in Human Resources. (Doc. 17, ¶ 13).

### D. Vinson Has Sufficiently Pled Her Retaliation Claims.

---

[6] Note that Defendants' Motion to Dismiss inaccurately cites this quote as being from Doc. 1 at ¶¶ 21, 31. (Doc. 19, p. 7).

[7] Vinson provides the attached declaration as additional support for her response to Motion to Dismiss despite the fact that such additional evidence should not be required to survive the pleading standards contemplated in FRCP 12 (b)(6).

As Defendants concede in their latest motion to dismiss, this Court cited Vinson's original Complaint was deficient because Vinson did not allege "Defendants' retaliation was based on her engagement in statutorily protected activity. . . ." (Doc. 13, p. 11).  In her Amended Complaint, Vinson clarified her retaliation claim by specifically alleging that "after voicing complaints about adverse treatment, Plaintiff incurred unlawful retaliation." (Doc. 17, ¶ 33).  She also amended her Complaint to include allegations that she "complained to Ken German, HR Manager, about the change in pay and awarding the position to Cleckler to no avail." (Doc. 17, ¶ 23).  She further alleged that following her complaints her orientation duties were taken away and given to Daisy Phillips Velez, she was "given less duties and responsibilities so her position could be eliminated[,]" and she was "terminated and subjected to differing terms and conditions to set Plaintiff up for failure and result in her termination, unlike how the white managers were treated in the workplace." (Doc. 17, ¶¶ 24, 33).

Specifically, Vinson complained to Mr. German that Ray Cleckler, a White male, with less education, training, and experience than her, was hired at a rate of $3 more per hour for a job with less responsibilities than her position.  (Exhibit 3, ¶ 9).  Subsequently, she interviewed with Mr. German for the position of Professional Development and Training.  (Exhibit 3, ¶ 10).  During the interview, Mr. German

9

referenced that Vinson's interview was only for him to go through the motions of interviewing candidates other than Lindsey Johnson, a White female, who had already been selected for the position. (*Id.*) Mr. German was sympathetic to Vinson being disappointed about interviewing for a position that she was not really being considered for. They discussed that there was another purpose to the interview besides giving Vinson a fair opportunity to be considered for the job, which was to appear as though she was being considered when she was, in fact, not. (*Id.*)

Vinson also complained to HR Manager, Shawn Collins, about having her job duties change, not being given a clear description of her new duties, and losing her work station, computer and tools after she returned from a suspension. (Exhibit 3, ¶ 12).

When read in their entirety, the paragraphs detailing Vinson's retaliation claim give rise to a plausible claim of retaliation: Plaintiff, a Hispanic employee, was qualified to perform her job and other jobs for which she applied. (Doc. 17, ¶¶ 12, 13, 15). She was subjected to different terms and conditions of employment due to her race and national origin. (Doc. 17, ¶¶ 15, 16, 18-27, 41). She was paid less than non-Hispanic coworkers, including those who had less education, training, and experience and who held job with less responsibility. (Doc. 17 ¶ 21, 22, 23, 33). She was either not informed about open positions, mislead about the pay range of open

positions for which she might apply, and denied promotions for which she was qualified. (Doc. 17, ¶¶ 15, 16, 21, 22, 27, 32). She complained about being paid less and being overlooked for jobs she was qualified to perform. (Doc. 17, ¶¶ 23; Exhibit 3, ¶¶ 9, 10, 12). After voicing complaints about the adverse treatment she was experiencing at the hands of Defendants, she incurred unlawful retaliation by ultimately being terminated. (Doc. 17, ¶ 33, 35). Specifically, she was denied reassignment to open and available positions, lost her work station, computer and tools, and was not given a clear job assignment . (Doc. 17, ¶ 19, 20, 24; Exhibit 3 ¶11). Furthermore, she was laid off despite not being the least senior person. (Doc. 17, ¶¶ 25, 26, 35, 41). She was told her job was eliminated despite the fact that laying her off ahead of less senior employees violated the company's seniority practice to lay off the least senior person. (Doc. 17, ¶ 41). These factual allegations are sufficient to put Defendants on notice as to the nature of her retaliation claim. Details, such as a blow by blow description of her complaints to HR are not required at this stage of litigation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . claim is and the grounds upon which it rests.'").

### E.   Vinson Has Sufficiently Pled All Her Promotion Claims

Defendants only seek to dismiss Vinson's § 1981 claim for failure to promote her to the Professional Development and Training position and to the night HR general manager based on their argument that it is part of a "shotgun pleading." (Doc. 19, p. 8, n. 3). For reasons stated above, Vinson's Amended Complaint is not a "shotgun pleading" and no claims should be dismissed on that basis. In addition, Koch Foods, LLC seeks dismissal of Vinson's failure to promote claim on the basis that it was not her employer. (*Id.*) As discussed below[8], Koch Foods, LLC is the parent company and sole member of Koch Foods-Alabama, LLC and those two Koch entities are an integrated enterprise. Therefore, Vinson's claims for failure to promote her to Professional Development and Training and night HR manager should not be dismissed.

Defendants seek to dismiss Vinson's failure to promote claim based on the supply clerk job and other unidentified positions on the basis that she has inadequately pled these claims. (Doc. 19, p. 8). Specifically, Defendants assert that because Vinson inquired about the supply clerk job, but did not apply for it, she did not sufficiently plead a failure to promote claim related to this specific job. This argument, however, is counter to the rationale previously expressed by this Court.

---

[8] Please refer to Section F.

This Court previously held that Vinson's failure to promote claim as it pertains to the night HR manager was sufficiently pled in the original Complaint, even though she did not apply for it. (Doc. 13, pp. 9, 10). Specifically, this Court stated that "Vinson need not allege she applied for the position because it was unposted, and Defendants had reason to know of her interest in the position based on her two past unsuccessful applications for promotions within the HR department." (*Id.* at 9).

In regards to the supply clerk job, Defendants knew Vinson was interested in the position because she inquired about the rate of pay. (Doc. 17, ¶ 22). While it's true she did not apply after being told the rate of pay was $2.00 less than she was making, she demonstrated interest in the position until she was told she would make less money. (Doc. 17, ¶ 22). When she learned that, in fact, a White male was hired as Supply Clerk for $3 ***more*** per hour that she was making, she complained to the HR manager about someone less qualified than her with no seniority being hired as Supply Clerk for more money than she was making. (Doc. 17, ¶¶ 22, 23). If had Vinson been told that the rate of pay was negotiable, she would have applied. (Exhibit 3, ¶ 7). The fact that the Defendants chose to hire a White male with no experience and no employment history with Koch Foods over Vinson, and were willing to offer him more money than Vinson, on top of all the other positions Vinson was passed over for promotion on discriminatory grounds, is the basis for her

13

justifiable belief that Defendants' hiring practices made application a futile gesture. *EEOC v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1274 (11th Cir. 2002); *Shakleford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir., 1999)(the futile gesture exception to application applies when the applicant was "deterred by a known and consistently enforced policy of discrimination.")).

Defendants also assert that Plaintiff insufficiently pled failure to promote to "other vacancies" because she did not specifically name these vacancies.  In fact, Vinson identifies six White or Asian employees who were promoted and/or paid more than her as Mason Melton, Lindsey Johnson, Tracy (LNU), Heather Bowen, Mitzi James, and Ray Cleckler, despite her being qualified for the positions of Professional Development and Training, night HR general manager, HR Generalist, and Supply Clerk .  (Doc. 17, ¶¶ 15, 21, 22).     As such, Vinson has specified the positions other than Professional Development and Training and night HR general manager that she was qualified for and to which she was not promoted as provided for by this Court.  (Doc. 13, p. 10).

### F.    Koch Foods, LLC, Is A Properly Named Defendant.

Defendant, Koch Foods, LLC, asserts that it should be dismissed because it was not Vinson's employer.  (Doc. 19, pp 13-14).  Koch Foods, LLC, is a properly named

14

Defendant, however, because Koch Foods, LLC and Koch Foods-Alabama, LLC are a "single employer" or an "integrated enterprise."

A single employer theory "involves examining various factors to determine if two nominally independent entities are so interrelated that they actually constitute a single integrated enterprise[.]" *Klein v. L-3 Commc'ns Corp.*, 2013 WL 5913776 (M.D. Ala. Nov. 1, 2013)(*quoting Long v. Aronov Realty Mgmt., Inc.,* 645 F.Supp.2d 1008, 1029 (M.D.Ala.2009) (internal quotations and citations omitted). In order to establish a "single employer" or "integrated enterprise", Vinson must ultimately present sufficient evidence from which a jury could conclude that the entities had (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Player v. Nations Biologics, Inc.*, 993 F.Supp. 878, 881 (M.D. Ala. 1997). At this stage, however, reviewing Vinson's claims under FRCP 12(b)(6) the Court must accept her allegations as true and read them in the light most favorable to her. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993)(citation omitted).

Vinson alleges in her Amended Complaint that Koch Foods, LLC, owns and operates chicken kill plants, including the plant operating as Koch Foods-Alabama, LLC, and it and allows or licenses its name to kill plants including Koch Foods-

Alabama.  (Doc. 17, ¶ 6).  Vinson also alleges that she was hired in the "Montgomery kill facility of Koch Foods, LLC."  (Doc. 17 ¶ 14).

In another recent employment discrimination case against these same Defendants, Koch Foods, LLC, failed to persuade the Court that it should be dismissed because it was not the plaintiff's employer.  In *Boyd v. Koch Foods, LLC, et al.*, 2:11-cv-00748 (M.D., Ala.) Doc. 131-1, p. 2, Robert Elrod provided an affidavit in support of Defendants' Motion for Summary Judgment in which he attested that he is employed by Koch Foods, and that Koch Foods is "parent company and sole member of several entities, including Koch Foods of Alabama, L.L.C." (Exhibit 2, ¶ 2)[9]  He also attested that, as the Human Resource Director for Koch

---

[9] A copy of Elrod's Declaration is attached hereto as Exhibit 2.  Mr. Elrod, in one affidavit in the *Boyd* matter, testified that he is employed by Koch Foods of Mississippi, LLC.  (Doc. 6-1, p. 2). In his affidavit, dated August 6, 2012 and submitted in support of Defendants' motions for summary judgment, Elrod testified that he is employed by Koch Foods, Inc. as the Human Resource Director and that the Complex Human Resources Manager of Koch-Ala [Birchfield] reports to him. (Doc. 131-1, p. 2).  During his deposition, taken on July 20, 2012, Elrod claimed he was employed by Koch Foods of Mississippi. (Elrod depo., 8:2-4). He then proceeded to claim that he was the director of human resources for "the entire Koch Foods."  (Elrod depo., 8:19-9:1). Finally, he produced his personal business card, which read "Koch Foods, Inc.," (Elrod depo., 10:13-14), but claimed that he was not familiar with "Koch Foods, Inc." (Elrod depo., 10:15-19). Doc.  246, P. 98.

Foods, Defendant David Birchfield, the Complex Human Resources Manager of Koch Foods-Alabama, reports to him.  (Exhibit 2, ¶ 2).

As the parent company and sole member of Koch Foods-Alabama, LLC, Koch Foods, LLC, is the owner and operator of the facility where Vinson was employed and, as such, share common ownership or financial control and interrelation of operations.  The common management and centralized control of labor relations is evident in the prior testimony of Mr. Elrod that Birchfield, HR Manager at Koch Foods-Alabama, reports directly to him as HR Director of Koch Foods, LLC.  *Cf. Klein v. L-3 Commc'ns Corp.*, 2013 WL 5913776 (M.D. Ala. Nov. 1, 2013)(no centrally controlled labor operations existed when subsidiary employee was only supervised by other employees of subsidiary company and did not report to anyone at parent company).  The Court can plausibly determine that Koch Foods, LLC is a properly named Defendant based upon the facts alleged in the Amended Complaint.  Upon information and belief, the discovery process will provide even more facts supporting that Koch Foods, LLC, and Koch Foods-Alabama, LLC are an integrated enterprise.  Koch Foods, LLC, therefore, should not be dismissed at this stage of litigation.

**G.   Vinson Exhausted Administrative Remedies Against Koch Foods, LLC**

17

Defendants argue that Vinson failed to exhaust her administrative remedies against Koch Foods, LLC and David Birchfield because they were not specifically named in her EEOC charge, and Birchfield cannot be liable as an individual under Title VII.  This is a hyper-technical and incorrect application of the law.

While Vinson acknowledges that David Birchfield cannot be liable as an individual under Title VII, the definition of an "employer" under Title VII includes an employer's agent, and the employer is accountable for the discriminatory acts of its individual agents.  *Dubisar-Dewberry v. Folmar*, 883 F. Supp. 648, 650 (M.D. Ala. 1995)(*citing Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976, 978-979 (M.D.Ala.1994).  As HR Manager of Koch Foods-Alabama, LLC, Birchfield was a decision maker in Vinson's termination and is Koch Foods-Alabama's agent.  As such, Birchfield can be a proper Defendant in his capacity as an agent of his employer in this action.

Vinson exhausted her administrative remedies against Birchfield because his role in the discrimination she suffered at Koch Foods-Alabama is clearly discussed in the body of her charge, and he was clearly on notice of the allegations against him because he is the party who responded to the charge on behalf of his employer. (Exhibit 4).  *Cf. Dubisar-Dewberry,* 883 F. Supp. 648, 651 (M.D. Ala. 1995) (plaintiff in pregnancy discrimination action did not exhaust administrative remedies

18

against individuals who were neither specifically named in her EEOC charge nor were they otherwise on notice of the charge based on the allegations of their individual wrongdoing in the body of the charge). "The crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970). The fact that the name in the box in the heading of the EEOC charge states "Koch Foods" does not cancel the effect of Birchfield being clearly named and discussed in the charge as a decision maker in the terms and conditions of Vinson's employment.

Koch Foods, LLC, also had sufficient notice of the EEOC charge. The charge names "Koch Foods," not "Koch Foods, LLC" or "Koch Foods-Alabama, LLC." "It is well-established that an administrative charge against one defendant may provide sufficient notice to another defendant, when the two are closely related entities." DiGiro v. Pall Corp., 993 F. Supp. 1471, 1474 (M.D. Fla. 1998)(internal quotes omitted)(denying motion to dismiss because unnamed corporation was on notice of EEOC charge as the parent company of the entity named in the charge and when the two entities shared the same legal counsel). As established above, these two Defendants have previously provided evidence that Koch Foods, LLC is the parent

company and sole member of Koch Foods-Alabama, LLC, are an integrated enterprise, and share the same legal counsel.

WHEREFORE, premises considered, Defendants' Motion to Dismiss All Claims In Plaintiff's Complaint is due to be DENIED or in the alternative permit Plaintiff to Amend her Complaint.

Respectfully submitted,


   /s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff


**OF COUNSEL:**
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
(205) 879-0377 Telephone
(205) 879-3572 Facsimile
Email:  akhaynes@haynes-haynes.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon each of the below listed counsel of record, by placing same in the U. S. Mail, postage prepaid and properly addressed, this 2nd day of December, 2013:

Heather N. Leonard
Post Office Box 43768
Birmingham, Alabama 35243

Wesley C. Redmond
Rachel V. Barlotta
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

<u>Alicia K. Haynes</u>
OF COUNSEL

21