IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIA N. VINSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 2:12-cv-01088-ECM |
| KOCH FOODS OF ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MARIA VINSON'S REPLY
IN SUPPORT OF HER MOTION FOR A NEW TRIAL**

Plaintiff Maria Vinson moved this Court for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Defendant's counsel intentionally violated the letter and spirit of the motions *in limine* granted by this Court when she asked the Court, in the presence of the jury, to take judicial notice that David Birchfield was a prevailing party. The prejudice created by Defendant counsel's misconduct requires a new trial.

I.  **Defendant's Counsel Violated The Court's *In Limine* Order.**

Recognizing the overly prejudicial effect on a jury that arises from any testimony about dismissed claims, Defendant moved this Court, prior to the trial, to "Exclude Evidence, Argument, or Questioning Relating to Dismissed Claims." (Doc.

235, p. 23.) Defendant argued that any evidence related to Plaintiff's dismissed claims would be irrelevant under Federal Rules of Evidence 401 and 402. *Id*. Plaintiff filed a similar motion. (Doc. 230). This Court granted both motions, excluded this type of evidence, and "prohibit[ed] the parties, their attorneys, or the witnesses from making reference to any claim or part of a claim which has been voluntarily dismissed or dismissed by the Court on motion or appeal." (Doc. 248, p. 2.)

At the end of the trial day on February 8, 2019, Defendant represented to the Court and jury that it had no further examination of Plaintiff.  Nevertheless, on the morning of Monday, April 11, defense counsel decided she wanted to reopen her examination of Plaintiff.  During that reopened examination, defense counsel essentially testified through leading questions to the fact that Plaintiff had sued David Birchfield for race discrimination and that she had dismissed her claims against him. (Doc. 299-3, p. 12:3-20). Defense counsel then said, in front of the jury, "We ask the Court to take judicial notice that David Birchfield was dismissed from this action as a prevailing party." (Id.)

Counsel's line of questions and her statement before the jury were not relevant to any issue to be resolved by the jury. Counsel's line of questions and statement were not relevant to rebut or dispute any issue or testimony that had been raised during Plaintiff's direct examination and/or during the examination of any other trial witness.

2

Counsel's line of questions and statement were the first time the jury was made aware that there had been any claims against Birchfield and/or that he had been a party to the case. Counsel's line of questions and statement served no relevant or curative purposes. Counsel's line of questions and statement served one purpose: to prejudice Plaintiff by misleading the jury into believing that Plaintiff's claims against Defendant had no merit. Counsel's line of questions and statement were calculated moves to prejudice the jury as the trial was coming to a close.

    A.    <u>Defendant did not seek leave of the Court to go into evidence related to dismissed claims.</u>

Despite the motions *in limine* filed by the parties relating to dismissed claims and parties, and this Court's order prohibiting "reference to any claim or part of a claim which has been voluntarily dismissed or dismissed by the Court on motion or appeal" (Doc. 248, p. 2.), Defendant's counsel chose to pursue a line of questioning and make a statement in front of the jury that referenced not only dismissed claims and dismissed parties but alluded to Orders of this Court finding Birchfield to be a prevailing party. Counsel did not seek leave of the Court before going down this path to ensure that her conduct was consistent with the Court's ruling. While Defendant's counsel attempts to justify her conduct based on an exhibit entered into evidence days earlier, she never raised the issue with the Court or suggested to Plaintiff's counsel

that she intended to engage in conduct which would violate the evidentiary ruling of the Court. Counsel's decision not to address this issue with the Court prior to eliciting testimony about Birchfield's dismissal evidence suggests that she knew her conduct could violate the Court's order limiting the evidence. Counsel's actions were highly improper and warrant a new trial.[1] *See McWhorter v. Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990)(affirming decision to grant a new trial after counsel made argument in violation of the Court's motion *in limine*).

Defendant argues that Plaintiff failed to object at the time its counsel began her line of questioning, so its conduct should be excused. The United States Court of Appeals for the Eleventh Circuit rejected a similar argument in *McWhorter v. Birmingham*, 906 F.2d 674 (11th Cir. 1990). In *McWhorter*, defendant filed a motion *in limine* to exclude evidence that plaintiff was fired for refusing to cooperate with the employer in a lawsuit. The court granted the motion, but plaintiff's counsel argued the retaliation theory in its closing argument. *McWhorter*, 906 F.2d at 676. Defendant did not object at that time, but on motion by the defendant, the district court granted a new trial. McWhorter appealed, and among his arguments was that the defendant

---

[1] During the hearing on motions *in limine*, Plaintiff's counsel suggested numerous times that if any party felt it was necessary to get into testimony relating to dismissed claims, they should first approach the Court for leave to do so. (Doc. 299-1, pp. 78:24-82:14). Acknowledging the concern of counsel, this Court indicated it would deal with those issues as they came up. (*Id*.).

had not objected contemporaneously with his conduct. *Id.* Rejecting McWhorter's efforts to excuse his misconduct based on a lack of objection, the Eleventh Circuit wrote:

> Defense counsel's failure to object to the improper argument, although troublesome, is not fatal to Deutcsh's case. A contemporaneous objection to improper argument is certainly the preferable method of alerting the trial court to the error and preserving such errors for review, *Woods v. Burlington Northern Railroad Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985), *rev'd on other grounds*, 480 U.S. 1, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987); however, "where the interest of substantial justice is at stake," improper argument may be the basis for a new trial even if no objection has been raised. *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276, 286 (5th Cir. 1975); *Hall v. Freese*, 735 F.2d 956, 961 (5th Cir. 1984); Fed.R.Civ.P. 61. In this case, the trial judge focused on the improper argument despite the lack of an objection, and his grant of a new trial served to vindicate the authority of the court. We therefore cannot say that the district court abused its broad discretion in determining that the interest of substantial justice mandated a new trial. *Hall*, 735 F.2d at 961. We also recognize that curative instructions do not always eradicate the prejudice resulting from an improper argument, *see O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977), and thus cannot say that the district judge abused its discretion in determining that its instructions were insufficient to erase the prejudice resulting from the improper argument.

*McWhorter,* 906 F.2d at 677-678.

The prejudice from Counsel's conduct arises from the statement of counsel in front of the jury that Birchfield was, in fact, a "prevailing party." That statement was out of Counsel's mouth before any objection could be lodged. No subsequent objection or curative instruction could undo the prejudice caused by Counsel - the

5

inference that Plaintiff's claims had no merit and that she had lost to Birchfield on the issues the jury was to decide relating to Defendant. A new trial is the only way to overcome and remedy the harm done by Counsel's conduct.

      B.     <u>Plaintiff did not open the door to Counsel's tactics.</u>

Prior to the actions of the defense counsel on February 11, no testimony or argument had been made in front of the jury identifying Birchfield as a former party or indicating that there had been claims brought against him. While, on February 6, 2019, when Plaintiff's counsel questioned Birchfield about Defendant's discovery responses, Birchfield's name appeared on an exhibit, nothing was done by Plaintiff's counsel to bring to the jury's attention that Birchfield had been a party to the action. (Doc. 299-2, pp. 183:5 - 184:9). Further, recognizing that Birchfield's status as a party was evident from the exhibit, Plaintiff requested a sidebar to explain to the Court how she was handling the examination to avoid bringing to the jury's attention Birchfield's status as a former party and to avoid opening the door to that issue and running afoul of the ruling on motions *in limine*. (Id., pp. 184:22- 185:25). Defendant did not raise any issue at that time that it felt that this line of questioning opened the door, not only to Birchfield's status as a former party, but also to the substance of this Court's Order dismissing Birchfield from the litigation and declaring him to be a prevailing party. (Doc. 299-2, pp. 183-190).

Later, during Birchfield's examination, defense counsel raised the issue that the exhibit (which had not been given to the jurors, and of which only select pages were placed on the courtroom monitors for display) identified Birchfield as a party. (Doc. 299-2, pp. 198:16-199:23). Plaintiff's counsel expressed to the Court she had handled the exhibit in such a way as to limit the jury learning Birchfield had been a party. (*Id.*). She offered to the Court that any issue relating to the motion *in limine* could be cured through redaction of the document. (Id.). The reference to Birchfield as a party in the document was not material to the reason it was offered into evidence. Defendant did not seek a ruling from the Court as to whether the exhibit permitted it to bring to the jury's attention not only the dismissed claims but also Birchfield's status as a prevailing party. At the conclusion of Birchfield's testimony, there was nothing in the record that created a material question of fact that rendered relevant Birchfield's status as a party in the action. It was Defendant, not Plaintiff, who attempted to open the door to this issue when it examined Plaintiff on the morning of February 11. Because Defendant unnecessarily injected this issue into the case, to the prejudice of Plaintiff, a new trial is necessary.

      C.    <u>Defendant's line of questions and statement were not harmless.</u>

Absent from Defendant's response to Plaintiff's motion for a new trial is any explanation as to why it was relevant to any claim or defense before the jury for it to

have knowledge of Birchfield's dismissal and/or status as a prevailing party. Absent from Defendant's response is any justification as to why information relating to Birchfield's status as a prevailing party needed to be announced to the jury. That is because it served one purpose and one purpose only: to emotionally prejudice the jury against the merits of Plaintiff's claims against Defendant.

Defendant attempts to excuse its conduct by arguing the case extended for over a week and there were over 70 exhibits in the case, so its actions would have had minimal effect and that Plaintiff's counsel could have "cured" the issue by shining a light on it and further exploring testimony on the decision to dismiss Birchfield. But, Defendant's argument about the length of the trial and number of exhibits actually support Plaintiff's position that using Defendant's discovery responses that referenced Birchfield as a party likely would not have caught the jury's attention and therefore did not open the door to the issue of him being a party.

Defendant's argument about rebuttal is likewise misplaced. Any examination of Plaintiff on the issue of Birchfield's dismissal would have been futile because the damage had been done by Defendant's identification of him in front of the jury as a "prevailing party." Plaintiff is not an attorney and would not have the legal knowledge to be able to testify to the status of parties and/or the effect of voluntary dismissals. Further, Defendant's proposition would demand either that Plaintiff

testify to the litigation decisions of her attorneys or to have her attorneys testify. Either route would be improper and not a reasonable "cure" for poisoning the jury by interjecting highly damaging and improper evidence during the trial.

There was no way for the Plaintiff to correct this error. Because of the *in limine* order, Plaintiff had no expectation that she would be asked about any dismissed claims and was not prepared to testify about why the claims against Birchfield had been dismissed. Defendant's conduct gravely impaired the calm and dispassionate consideration of Ms. Vinson's case by the jury and deprived her of a fair trial.

**Conclusion**

Because of Defense counsel's improper conduct before the jury, the Court should set aside the verdict and the judgment entered on it, order a new trial, and impose the costs associated with a new trial upon defense counsel.

Respectfully submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
Charles E. Guerrier
Co-counsel for Plaintff

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226

Phone: (205) 879-0377

Heather Newsom Leonard
**Heather Leonard, P.C.**
P.O. Box 43768
Birmingham, Alabama 35243

Co-counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sharonda Fancher
Rachel V. Barlotta
Jennifer M. Bedsole
Baker Donelson Bearman Caldwell & Berkowitz PC
420 North 20th Street
Wells Fargo Tower, Suite 1400
Birmingham, AL 35203

Marion F. Walker
Fisher Phillips
2323 2nd Avenue North
Birmingham, AL 35203

                                                                   */s/ Charles E. Guerrier*
                                                                   OF COUNSEL