IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIA N. VINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:12-cv-1088-ECM |
| | ) | (WO) |
| KOCH FOODS OF ALABAMA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendant's Amended Bill of Costs (doc. 293) and Plaintiff's Objection to the Bill of Costs. (Doc. 294).

This employment discrimination action proceeded to trial and resulted in a jury verdict in favor of the Defendant on February 12, 2019. This Court entered final judgment on February 13, 2019, and taxed costs against the Plaintiff. (Doc. 289). As prevailing party, the Defendant filed its Amended Bill of Costs (Doc. 293), in which it requests an award of costs in the amount of $31,056.23. The Plaintiff appealed the jury verdict, and, on September 3, 2021, the Eleventh Circuit entered judgment in favor of the Defendant.[1] (Doc. 340). This matter is fully briefed and ripe for resolution. For the reasons that follow, the Court will sustain in part and overrule in part the Plaintiff's objections and will award the Defendant costs as set forth herein.

---

[1] The Circuit also awarded the Defendant costs on appeal.

1

**DISCUSSION**

Federal Rule of Civil Procedure Rule 54(d)(1) allows the Defendant to recover costs as a prevailing party. *See also Arcadian Fertilizer, L.P. v. MPW Indus. Servs*., 249 F.3d 1293, 1296 (11th Cir. 2001); *U.S.E.E.O.C. v. W&O, Inc.*213 F.3d 600, 620 (11th Cir. 2000). But "absent explicit statutory or contractual authorization," the Defendant can only recover costs that are listed in 28 U.S.C. §§ 1821 and 1920. *Arcadian*, 249 F.3d at 1296 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 445 (1987)).

"A [federal] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini Street, Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 878 (2019) (alteration added). Section "1920 defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441. Thus, taxable costs are limited to those items listed in in 28 U.S.C. § 1920 which are as follows:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title; [and]

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

2

28 U.S.C. § 1920.

In addition, 28 U.S.C. § 1821 allows for the taxation of attendance fees and mileage to witnesses.

### A. Fees for transcripts

The Defendant seeks $15,849.20 for transcripts obtained during the course of this litigation.  The Plaintiff does not object to the costs of the depositions but challenges any additional costs such as convenience or duplicative copies, processing fees and copies of exhibits.  Costs incurred for taking depositions are properly taxable, but the Court will disallow any duplicative copies or expedited copies.  *See W&O, Inc.*, 213 F.3d at 620.

In addition, the Defendant seeks $500 for costs paid to Hi-Optic for 5 video transfers of the deposition of Howard Melton.  The Defendant is entitled to compensation for one transfer but not all five. Finally, with respect to the deposition of Daisy Phillips-Belez, the Defendant attaches without explanation a receipt from UPS in the amount of $745. Without more, the Court will disallow that cost.

The Defendant also seeks $1,724.10 for obtaining daily transcripts during the trial of this matter.  These costs will be disallowed.  *See Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225–6 (11th Cir. 2002).  Any daily transcripts were "for the convenience of the defendant[] and was, by no means, indispensable." *Id*. at 1225.  The Defendant was represented at trial by three attorneys and had additional personnel to assist them.  This cost will not be taxed to the Plaintiff.

Thus, the Court will tax costs in the amount of $10,918.20 for fees for transcripts as summarized below.

| Court Reporter | Charge | Reduction | Total allowed |
|---|---|---|---|
| Freedom | $1,183.90 | -$25.00 | $1,158.90 |
| Southern | $3,409.25 | -$200.00 | $3,209.25 |
| Southern | $690.25 | -$40.00 | $650.25 |
| Southern | $573.00 | -$40.00 | $533.00 |
| Southern | $1,437.70 | -$120.00 | $1,317.70 |
| Court Reporters | $2,013.25 | -$745.00 | $1,268.25 |
| Brickell Key | $2,281.15 | -$736.10 | $1,545.05 |
| Hi-Optic | $500.00 | -$400 | $100.00 |
| Janet Arledge | $2,036.60 | -$900.80 | $1,135.80 |

**B. Fees for Copies**

The Defendant next seeks printing costs in the amount of $1,670.94.[2]  The Plaintiff objects that the cost for printing copies is excessive and complains that counsel "is overreaching." (Doc. 305). 28 U.S.C. § 1920(4) specifically allows the recovery of "[f]ees for exemplification and copies of papers *necessarily obtained* for use in the case." (emphasis added). The standard for determining whether particular photocopying costs should be awarded is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O, Inc.,* 213 F.3d at 624.  Upon the representation of counsel, the Court finds that the number and per-page rate for the copies were reasonably necessary for its defense.  Moreover, the Plaintiff does not assert that the

---

[2] The Defendant initially requested $3,000.25 in copying fees but in response to the Plaintiff's objection, acknowledged that "it previously mistakenly calculated its copying costs to be $2,249.80, when it actually incurred $920.40." (Doc. 301 at 1).  The Defendant also seeks copying costs paid to the Alabama Department of Labor in the amount of $248.00, Faulkner University in the amount of $35.00, Union Underwear Company in the amount of $38.00, and Fisher Phillips LLC in the amount of $429.45 for copying costs to co-counsel Marion Walker.

copies were not "necessarily obtained for use in the case," but instead objects that the cost of the copies or the amounts are excessive.  The Plaintiff's general objection to this cost is due to be overruled.  The Court will award copying costs in the amount of $1,241.40.

The Court will, however, sustain the Plaintiff's objection to the cost of $429.54 for copies made for co-counsel Marion Walker.  These documents were made for the convenience of Ms. Walker and will not be taxed to the Plaintiff.

### C.  Witness Fees

The Defendant seeks costs for witness fees in the amount of $537.50.  Although the Plaintiff objects to the amounts because the Defendant did not separate out mileage from the witness fee, the Court concludes that witness fees and mileage are permissible pursuant to 28 U.S.C. § §1820 and 1920.  Witness fees for Heather Bowen in the amount of $232.12, Lindsey Johnson in the amount of $119.60, Shawnetta Collins in the amount of $59.28, and Alesia Simmons in the amount of $126.50 are taxable.

With respect to the service of the subpoena on Daisy Phillips Belez, the Plaintiff objects to the same day, rush service fee of $35.00 and objects to paying the process server more than the U.S. Marshal mandated fee of $65.00.  In this Circuit, "private process server fees may be taxed pursuant to §§ 1920(a) and 1921" but the fee may not exceed the Marshal's fee.  *See W & O, Inc.*, 213 F.3d at 624.  The Plaintiff's objections to the fee in excess of the Marshal's fee and the same day rush service fee are sustained.  This cost will be reduced by $55.00 from $174.28  to $119.28.  Total costs in the amount of $656.78 for witness fees and mileage and subpoena and service fees will be taxed.

**D. Other costs**

Finally, the Defendant seeks other costs in the amount of $11,669.28 which constitute $1,170.00 in graphic design fees and $10,325.00 in trial preparation fees from a third-party vendor Veritext Legal Solutions.  (Doc. 293).  The Plaintiff objects to these costs as non-taxable.   The only statutory provision that might arguably cover these expenses is § 1920(4) that permits the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in this case."   28 U.S.C. § 1920(4).  The services for which the Defendant seeks costs are not authorized by statute and thus, are not taxable. *See also Arcadian*, 249 F.3d at 1297; *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465–66 (11th Cir. 1996) ("We find nothing in § 1920, the Federal Rules of Civil Procedure, or case law to support the taxation of costs for equipment rental or fees charged by a videographer for playback of video depositions of trial.")  In the same vein, the costs requested by the Defendant are not recoverable.  "Until Congress sees fit to amend the language of § 1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority." *Arcadian*, 249 F.3d at 1297–98.  The Plaintiff's objections to these costs are sustained.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's objections to the bill of costs are OVERRULED in part and SUSTAINED in part and costs are TAXED against the Plaintiff in the amount of $12,816.38.

DONE this 8th day of May, 2023.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE